**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| DARYL PETITT, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 3:22-cv-95 (CSH) |
| | : | |
| v. | : | |
| | : | |
| RICARDO RUIZ, M.D., DEBRA WILSON, | : | |
| JOHN DOE 1-20, STATE OF | : | |
| CONNECTICUT - DEPARTMENT OF | : | |
| CORRECTION, | : | |
| | : | **MARCH 10, 2023** |
| Defendants. | : | |
| | : | |
| | : | |

<u>INIITAL REVIEW ORDER</u>

**HAIGHT, Senior District Judge:**

*Pro se* plaintiff, Daryl Petitt, currently incarcerated at MacDougall-Walker Correctional Institution, has filed a complaint pursuant to 42 U.S.C. § 1983 against twenty-three defendants, including Dr. Ricardo Ruiz, nurse Debra Wilson, medical providers John Does 1-20, and the State of Connecticut Department of Correction ("DOC").[1]

The Prison Litigation Reform Act ("PLRA") requires a federal court to review a prisoner's complaint in a civil action in which the prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a) (captioned "Screening"). Upon review, the Court must dismiss the complaint, or any portion thereof, that is "frivolous,

---

[1] The individual defendants are being sued "in their individual capacities only." Doc. 1, ¶ 5.

malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2). *See also id.* § 1915(e)(2)(B).

Pursuant to the United States Supreme Court's seminal holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this Court reviews Plaintiff's claims to determine whether they "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In performing this review, the Court will necessarily "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (citation and internal quotation marks omitted).

In addition, the Court treats this *pro se* Complaint "with special solicitude" and "construe[s] [it] liberally," interpreting it "to raise the strongest arguments that [it] suggest[s].'"  *Matheson v. Deutsche Bank Nat'l Tr. Co.,* 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)).  *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted).

## I.     FACTUAL BACKGROUND

The Court has thoroughly reviewed Plaintiff's factual allegations in the Complaint [Doc. 1] to conduct its initial review pursuant to 28 U.S.C. § 1915A.  As set forth below, the Court summarizes

the alleged facts that provide the basis for its rulings.

Plaintiff alleges that on May 10, 2018, Licensed Practical Nurse ("LPN") Samantha Lockery of the UCONN Health Center sent a medical evaluation to defendants Dr. Ruiz and nurse Wilson detailing Plaintiff's medical condition, "gradually worsening renal (kidney) failure."[2] Doc. 1, ¶ 8.  In November 2018, at Garner Correctional Institution, Plaintiff suffered "massive diarrhea" and "uncontrolled locking-up of his tongue."[3] *Id*. ¶ 9.

On January 3, 2019, Plaintiff was transferred to Carl Robinson Correctional Institution. *Id*. ¶ 10.   At some point between January 23 and 25, 2019, he suffered chronic renal failure and was transported to the emergency room of UCONN Health Center, where he underwent emergency insertion of a catheter into his chest due to a blood clot.  *Id*. ¶ 11.  He was thereafter "permanently required to undergo dialysis three times a week."  *Id.*  Plaintiff alleges that all defendants "knew or should have known" of his serious medical condition and needs because of LPN Lockery's May 10, 2018, report and his "ongoing and persistent complaints to the defendants of his needs for adequate medical care and treatment."  *Id*. ¶ 12.

## II.   DISCUSSION

Plaintiff asserts three claims: (1) defendants Ruiz, Wilson, and Does 1-20 were deliberately

---

[2] Plaintiff fails to name the facility or facilities where the individual defendants were employed.  He simply alleges that they were "employed by the DOC" and were all "licensed medical physicians, . . . nurses, LPNs and RNs, who [were] legally authorized to provide medical care . . . to the plaintiff within the DOC." Doc. 1, ¶ 5.

[3]  Plaintiff refers to the "*Gardner* Correctional Institution in Newtown, Connecticut," Doc. 1, ¶ 9 (emphasis added),  so the Court infers that he actually intends to write "Garner." *See* https://portal.ct.gov/DOC/Facility/Garner-CI.

indifferent to his serious medical needs and denied him substantive due process, (2) the DOC committed the state tort of medical malpractice, and (3) the DOC committed the state tort of intentional infliction of emotional distress.  Plaintiff seeks monetary damages on all claims.

## A.      Substantive Due Process

Plaintiff asserts claims for violation of his rights under the Eighth Amendment and the Substantive Due Process Clause of the Fourteenth Amendment.  Substantive due process generally guards a person's rights against "the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, "[w]here another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claim under that explicit provision and not the more generalized notion of substantive due process." *Kia P. v. McIntyre*, 235 F.3d 749, 757-58 (2d Cir. 2000) (quoting *Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (internal quotation marks omitted). *See also Graham v. Connor*, 490 U.S. 386, 395 (1989) (noting that where a particular amendment "provides an explicit textual source of constitutional protection against" the alleged harm, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing the[ ] claims").

Records available on the DOC website show that Plaintiff is a sentenced inmate. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253446 (last visited March 10, 2023) (sentenced Nov. 16, 2015).[4]  Deliberate indifference claims of sentenced inmates are considered

_____

[4] Following a jury trial, Plaintiff was convicted of three counts of illegal sale of narcotics

4

under the Eighth, not the Fourteenth, Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  Accordingly, all Fourteenth Amendment claims are dismissed.

**B.     DOC**

The only claims asserted against the DOC are state tort claims:  medical malpractice and intentional infliction of emotional distress.  DOC is a Connecticut department.  These claims are thus asserted against the State of Connecticut.  "It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." *Duguay v. Hopkins*, 191 Conn. 222, 227 (1983) (citations omitted). Furthermore, Connecticut statutes require that "any person with a claim against the state [must] file such claim with the state claims commissioner, seeking either payment or permission to sue the state." *Martinez v. Dep't of Pub. Safety*, 263 Conn. 74, 84 (2003) (citing Conn. Gen. Stat. § 4-141, *et seq*.).[5]

Plaintiff alleges that prior to filing his Complaint, he filed a medical malpractice claim against the DOC with the Connecticut Claims Commissioner under Conn. Gen. Stat. § 4-160; but at the time he drafted the Complaint, he had not received permission to sue the state in court.[6] *See*

---

in violation of Connecticut General Statutes § 21a–277(a).  *See State v. Petitt*, 178 Conn. App. 443, 446 (2017) (affirming conviction), *cert. denied*, 327 Conn. 1002 (2018).  He received a maximum sentence of 12 years of incarceration, and his maximum release date is April 24, 2025. *See*  www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253446.

[5] *Superseded by statute on other grounds*, Conn. Gen. Stat. § 53–39a, as recognized in *Vejseli v. Pasha*, 282 Conn. 561, 570 n. 8 (2007).

[6] Pursuant to Conn. Gen. Stat. § 4-160, "[w]henever the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim

Doc. 1, ¶¶ 7, 14, 16.

With respect to his claim against the DOC for intentional infliction of emotional distress, Plaintiff provides no indication whether he also filed that claim with the Connecticut Claims Commissioner. Plaintiff has thus offered no proof that the State has waived its sovereignty, and thereby granted him permission to sue, on either of his state claims.  These claims are thus barred by Connecticut's sovereign immunity.  *See, e.g., Sanchez v. Univ. of Connecticut Health Care*, 292 F. Supp. 2d 385, 393 (D. Conn. 2003) (granting summary judgment in favor of state health center on claim for intentional infliction of emotional distress because "the state . . . has immunity under the Eleventh Amendment for state common-law claims") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).

Disregarding the bar of state sovereignty, Plaintiff asserts that his state tort claims fall within the Court's supplemental jurisdiction, 28 U.S.C. § 1367.[7] Doc. 1, ¶  2.  However, even if the Court were to find that it had original jurisdiction in this action (*e.g.,* a cognizable federal claim), jurisdiction under § 1367(a) does not "authorize district courts to exercise jurisdiction over

---

which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable." Conn. Gen. Stat. § 4-160 (a).

[7] Section 1367 provides, in relevant part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C.A. § 1367(a).

claims against nonconsenting States." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002).  All claims against the State of Connecticut DOC are thus dismissed.

## C.     Eighth Amendment

Plaintiff alleges that the individual defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Doc. 1, ¶¶ 17-19.  To state a cognizable claim for deliberate indifference to serious medical needs, Plaintiff must first allege facts showing that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Famer v. Brennan*, 511 U.S. 825, 834 (1994)).  This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."   467 F.3d at 280 (citation omitted).  A "sufficiently serious" deprivation can exist if "a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,'" the medical condition "significantly affects daily activities," and  the plaintiff suffers from "chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003) (citation omitted).  A plaintiff may thus suffer from an urgent medical condition if it can cause death, degeneration, or extreme or chronic pain. *Id.* The Court assumes, for purposes of this review only, that Plaintiff's complaint of kidney failure is a serious medical need.

Second, in establishing "deliberate indifference," Plaintiff must also show that the defendants possessed a sufficiently  culpable state of mind.  "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citation omitted). The defendants must "appreciate the risk to which a prisoner was subjected," and have a "subjective

awareness of the harmfulness associated with those conditions." *Darnell*, 849 F.3d at 35. *See also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate indifference is a mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while aware of a substantial risk that serious inmate harm will result.") (citation and internal quotation marks omitted). Thus, "mere negligence" is insufficient to state a claim for deliberate indifference. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835 (1994)).

Plaintiff alleges that LPN Lockery of UCONN Health Center sent a medical report to defendants Ruiz and Wilson in May 2018. Doc. 1, ¶ 8. However, he fails to allege facts showing that these defendants actually received or read the report.

Plaintiff also generally alleges that he made many complaints to "defendants" about his need for adequate medical care. *Id.* ¶ 12. However, he fails to provide specific facts to demonstrate that defendants Ruiz and Wilson had a subjective awareness of Plaintiff's medical issues regarding his kidney disease. He thus fails to demonstrate that they knew of and disregarded an excessive risk to his health or safety. Consequently, Plaintiff fails to state a cognizable Eighth Amendment claim against these two defendants.

The remaining defendants are identified only as John Does 1-20. Plaintiff's claims against these Doe defendants are likely time-barred. "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citing *Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1075 (2d Cir.1993)) (internal quotation marks omitted). Furthermore, the Second Circuit has held that "the lack of knowledge of a John Doe defendant's

name does not constitute a 'mistake of identity'" that would support relation back of an amended complaint under Federal Rule of Civil Procedure 15.  738 F.3d at 518 (citation omitted). *See also Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) ("[A] plaintiff who believe[s] that there exist[s] individual defendants who [are] potentially liable for his injuries, but [who does] not know their exact identities and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim to be time-barred.") (citation and internal quotation marks omitted); *but see Archibald v. City of Hartford*, 274 F.R.D. 371, 372-73 (D. Conn. 2011) (permitting replacement of John Doe defendants after limitations period had expired where plaintiff's failure to timely do so was caused by defendants' "unreasonabl[e] delay in producing relevant information that the plaintiff could use to identify the 'Doe' parties") (citation omitted).

Plaintiff alleges that "[a]t times during the period of May 10, 2018, through January 2019, the individual defendants . . . knew or should have known about the plaintiff's serious medical condition." Doc. 1, ¶ 12.  Plaintiff's most recent allegations refer to an emergency room visit in January 2019. *Id.* ¶ 11.  Although he dated his Complaint "October 6, 2021," he did not mail it until January 5, 2022.  *See* Doc. 1-1 (envelope post-marked January 5, 2022, and "received" by U.S. District Court on January 18, 2022).  Given the three-year limitations period for all claims against the Doe defendants, these claims are likely time-barred. *See Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018) (in Connecticut, the limitations period to file a section 1983 action is three years).

Additionally, the Court notes that even were the claims timely, Plaintiff's conclusory allegations regarding the John Does fail to establish that they had subjective awareness of his issues

9

regarding his kidney disease. Doc. 1, ¶ 12 (alleging, without factual support, that these defendants "knew or should have known about the plaintiff's serious medical condition").  Thus, as pled, Plaintiff fails to state any cognizable Eighth Amendment claim against John Does 1-20.

All Eighth Amendment claims are dismissed.

### III.  CONCLUSION AND ORDERS

Because the Complaint contains no claims upon which relief may be granted, it is hereby DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).  If Plaintiff wishes to attempt to replead his Eighth Amendment claim to state a viable claim, he may file an Amended Complaint within thirty (30) days from the date of this Order – on or before **April 10, 2023**.  If no Amended Complaint is filed within the time specified, this case will be closed.

It is **SO ORDERED.**

**Dated:**  New Haven, Connecticut
March 10, 2023


*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge