UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARYL PETITT,<br>  *Plaintiff*,<br><br>v.<br><br>RICARDO RUIZ, DEBRA WILSON, JOHN DOE 1-20, & DEPARTMENT OF CORRECTION,<br>  *Defendants*. | Case No. 3:22-cv-95 (CSH)<br><br>January 30, 2024 |

## INITIAL REVIEW ORDER

**HAIGHT, Senior District Judge:**

*Pro se* plaintiff Daryl Petitt, currently incarcerated at MacDougall-Walker Correctional Institution ("MacDougall-Walker"), filed a Complaint [Doc. 1] on January 18, 2022, pursuant to 42 U.S.C. § 1983, asserting claims under the Eighth Amendment for deliberate indifference to his serious medical needs. By "Initial Review Order" [Doc. 13] filed March 10, 2023, the Court dismissed the Complaint without prejudice to Plaintiff attempting to replead his Eighth Amendment claim.[1] On March 21, 2023, Plaintiff filed an Amended Complaint [Doc. 14] which names as defendants Dr. Ricardo Ruiz, RN Debra Wilson, LPN Samantha Lockery, Dr. Monica J. Farinella, Dr. Jerry Valletta, Nurse Eileen Law, and John and Jane Does 1-15.[2] In this pleading, Plaintiff sues the defendants in both their individual and official capacities.

---

[1] *See Petitt v. Ruiz*, No. 3:22-CV-95 (CSH), 2023 WL 2456719 (D. Conn. Mar. 10, 2023).

[2] Due to the handwritten nature of the Amended Complaint, it is unclear how many Doe defendants Plaintiff intends to sue—*i.e.,* fifteen or five. In paragraph 11, under the heading "Parties," he describes the Does in the case as "Does 1-15" with the line of the numeral "1" in "15" drawn so thick that it may have constituted a cross-out. Doc. 14, ¶ 11. In contrast, in the allegations set forth in paragraph 25, he writes "Does 1-5." *Id.* ¶ 25.

1

The Prison Litigation Reform Act ("PLRA") requires federal courts to review complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion thereof, that is "frivolous [or] malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

The Court has thoroughly reviewed all factual allegations in the "Amended Complaint" and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this review, the Court orders as follows.

## I. Factual Background

While the Court does not set forth every fact alleged in the Amended Complaint, it summarizes Plaintiff's basic factual allegations to provide context to its rulings below. The allegations are taken as true for purposes of initial review.

Plaintiff alleges that on May 9, 2018, a doctor at the University of Connecticut ("UCONN") Health Center made defendants Dr. Farinella and Licensed Practical Nurse ("LPN") Samantha Lockery "aware" that Plaintiff suffered from chronic kidney failure and that "his condition was getting worse." Doc. 14 (Am. Compl.), ¶ 14. The following day, Lockery sent an email to defendants Dr. Ruiz and nurse Wilson regarding Plaintiff's worsening condition. *Id.* ¶ 15. From May 10, 2018, through November 9, 2018, while confined at Cheshire Correctional Institution ("Cheshire"), Plaintiff complained to Dr. Ruiz and nurse Wilson that he believed his condition was continuing to worsen but they did not address his condition. *Id.* ¶¶ 16–17.

On November 9, 2018, Plaintiff was transferred to Garner Correctional Institution ("Garner"). *Id.* ¶ 32. At that time, Plaintiff suffered "uncontrollable diarrhea" and "was unable to

control[] his tongue from locking up on him." *Id.* ¶ 18. Defendant nurse Law told Plaintiff that he was only suffering from an upset stomach. *Id.* ¶ 19. Also, during Plaintiff's confinement at Garner, from November 2018 until January 3, 2019, defendant Dr. Valletta did not provide Plaintiff any treatment for his chronic kidney disease. *Id.* ¶ 21.

In January 2019, Plaintiff was transferred to Carl Robinson Correctional Institution ("CRCI"). *Id.* ¶¶ 22, 26. Although Dr. Farinella and LPN Lockery were aware that the medical staff at CRCI was not authorized to treat inmates with Plaintiff's medical score (indicating chronic kidney failure), they did not have him transferred to another facility. *Id.* ¶ 23. Defendant Does 1 through 5 worked at CRCI and were also aware of Plaintiff's serious medical issues, but they did nothing to have him transferred to a facility that could handle his treatment. *Id.* ¶ 25.

Between January 23 and 25, 2019, Plaintiff suffered "chronic renal failure" and was transported to the UCONN Health Center. *Id.* ¶ 26. There Plaintiff received an emergency insertion of a catheter in his chest because of a blood clot; and thereafter he was required to undergo dialysis three times per week. *Id.* ¶¶ 27–28. Plaintiff was then transferred to MacDougall-Walker. *Id.* ¶ 29.

## II. DISCUSSION

In the case at bar, Plaintiff contends that all defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In assessing Plaintiff's claims, the Court first addresses whether Plaintiff has corrected the deficiencies identified in the "Initial Review Order."

### A. Statute of Limitations

#### 1. *Doctor Ruiz and Nurse Wilson*

In the "Initial Review Order" [Doc. 13], the Court noted that although "Plaintiff allege[d]

3

that LPN Lockery of UCONN Health Center sent a medical report to defendants Ruiz and Wilson in May 2018, . . he fail[ed] to allege facts showing that these defendants actually received or read the report." 2023 WL 2456719, at *4.  Absent proof that these defendants had "a subjective awareness of Plaintiff's medical issues regarding his kidney disease[,] [h]e . . . fail[ed] to demonstrate that they knew of and disregarded an excessive risk to his health or safety." *Id*. Therefore, he "fail[ed] to state a cognizable Eighth Amendment claim against these two defendants." *Id.*

Furthermore, because Plaintiff failed to specify when he received treatment from Dr. Ruiz and nurse Wilson, the Court could not determine whether the claims against them were, in any event, time-barred.  In the Amended Complaint, Plaintiff now alleges that he "continued to complain[ ]" to Ruiz and Wilson from May 2018 through November 9, 2018, when he was transferred to Garner; but they failed to provide him with medical treatment during that period. Doc. 14, ¶¶ 16–17.  Despite new allegations regarding the defendants' subjective awareness of his illness, Plaintiff's claims against Ruiz and Wilson are untimely.

The applicable limitations period for filing a section 1983 action in Connecticut is three years. *Thompson v. Rovella*, 734 F. App'x 787, 788–89 (2d Cir. 2018) (citing *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017)).  Therefore, in order for his Complaint to have been timely filed, Plaintiff would have had to file it before November 9, 2021. As the Court noted in its previous "Initial Review Order," although Plaintiff dated his Complaint "October 6, 2021," it was not postmarked as mailed until "January 5, 2022." 2023 WL 2456719, at *4 (citing Doc. 1-1). Despite being informed of this discrepancy, Plaintiff has provided no evidence in his Amended Complaint that he gave the original Complaint to prison officials for mailing prior to November 9, 2021. *See Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) ("Under the prison mailbox rule, a *pro se*

4

prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court.") (citing *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993)). Because the Complaint was filed more than three years after the involvement of Dr. Ruiz and nurse Wilson in Plaintiff's medical care ceased, the claims against them will be dismissed as barred by the statute of limitations.

   2. *Doe Defendants*

In the Amended Complaint, Plaintiff has now identified three defendants previously included as Doe defendants in the original Complaint: Dr. Valletta, nurse Law, and Dr. Farinella. As the Court explained in the "Initial Review Order," "John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." 2023 WL 2456719, at *4 (quoting *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013)).  Furthermore, the Second Circuit has held that "the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity' that would support relation back of an amended complaint under Federal Rule of Civil Procedure 15." *Id.* (quoting *Hogan*, 738 F.3d at 518) (internal quotation marks omitted).  *See also Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) ("[A] plaintiff who 'believe[s] that there exist[] individual defendants who [are] potentially liable for his injuries, but [who does] not know their exact identities' and who waits until after the expiration of the limitations period to remedy this lack of knowledge (by naming a specific individual as a defendant), will find his claim time-barred.") (citation omitted).[3]

---

[3] *Cf. Archibald v. City of Hartford*, 274 F.R.D. 371, 372 (D. Conn. 2011) (permitting replacement of John Doe defendants after limitations period had expired where plaintiff's failure to timely do so was caused by defendants' unreasonable delay in producing relevant information that the plaintiff could use to identify the "Doe" parties).

In the Amended Complaint, Plaintiff alleges that Dr. Valletta and nurse Law were responsible for his medical treatment at Garner. Doc. 14, ¶¶ 18-22. As he was transferred from that facility on January 3, 2019, that is the last date they could have treated him. *Id.* ¶ 21.

In addition, Plaintiff's allegations regarding his most recent medical treatment refer to his emergency room visit to UCONN Health Center in late January 2019. *Id.* ¶ 26. Prior to that event, Dr. Farinella had allegedly failed to treat Plaintiff at CRCI or to have him transferred to a facility authorized to treat his kidney disease. *Id.* ¶ 23.

Plaintiff's Amended Complaint is dated March 20, 2023, more than three years after all the alleged incidents regarding these former Doe defendants. Thus, the claims against Dr. Valletta, nurse Law, and Dr. Farinella are dismissed as time-barred.

Plaintiff also includes fifteen Doe defendants in his Amended Complaint.[4] Because more than three years have passed since the most recent event alleged in the Amended Complaint and Plaintiff has failed to identify these Doe defendants, the claims against them are dismissed as time-barred. See *Hogan*, 738 F.3d at 518.

### 3. *LPN Lockery*

The only remaining defendant is LPN Lockery. In the original Complaint, Plaintiff did not include LPN Lockery as a defendant and alleged only that she informed Dr. Ruiz and nurse Wilson about Plaintiff's worsening kidney disease. In the Amended Complaint, Plaintiff alleges that she informed Dr. Ruiz and RN Wilson about his condition and "failed to follow-up with defendants Dr. Ruiz, RN Wilson, and Dr. Valletta regarding the plaintiff's [chronic kidney] illness and to schedule his appointment with [the] Nephrology Dept. at UCONN Health Center." Doc. 14, ¶ 30.

---

[4] *See* n. 2, *supra.*

At this time, Plaintiff asserts deliberate indifference claims against LPN Lockery because, after he was transferred to CRCI, LPN Lockery and Dr. Farinella failed to move him to a correctional facility with the required level of medical care for his disease; and Lockery failed to ensure that Plaintiff had a follow-up appointment at the UCONN Nephrology Department. *Id.* ¶¶ 23, 30. As the facts underlying the claims against LPN Lockery occurred prior to January 25, 2019, more than three years before Plaintiff filed the Amended Complaint, any claim against LPN Lockery is dismissed as time-barred.

### B. Motion for Status of Case [Doc. 15]

Plaintiff has moved to obtain information regarding the status of his case, causing the Court to question whether he has kept his address of record current.[5] Specifically, Plaintiff may be unaware of any proceedings in his case if he has been moved and failed to inform the Clerk of the Court of his present address for service. *See* n. 5, *supra*.

However, if Plaintiff remains incarcerated at MacDougall-Walker, it is incumbent on the prison administrative staff to provide him with copies of all filings on the docket of his case. No motion is necessary to receive such notice. Plaintiff is apprised that pursuant to this District's "Standing Order on Prisoner Electronic Filing Program," correctional staff at the relevant facility will "print all NEFs [Notices of Electronic Filing] they receive" for Plaintiff's case "and provide

---

[5] Pursuant to this Court's Local Civil Rules, as a self-represented party, Plaintiff is required to provide the Court with "an address where service can be made" upon him and to notify the Clerk of the Court of any change of that address. D. Conn. L. Civ. R. 83.1 (c). In the case at bar, pursuant to the Connecticut State Department of Correction website on "Inmate Information," the Court takes judicial notice that Plaintiff may have been moved to a facility called the "Roger Sherman House." http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=253446. If that indeed has occurred, Plaintiff must so inform the Court to receive proper service of all filings in his case.

[these NEFs] to [him] as proof that the documents have been filed with the Court," ¶ 6.[6]  Plaintiff should thus receive an NEF each time a document is filed in his case.  Thereafter, a mailed hard copy of the actual filing will shortly follow, sent by the Court (Clerk's Office), in the case of a ruling.

Accordingly, Plaintiff's request in his motion to "know if [the Court] has issued a new Initial Review Order" is automatically satisfied upon the electronic filing and service of this Order. Plaintiff's motion to know the status of his case [Doc. 15] is denied as moot.

### III. CONCLUSION

Pursuant to the foregoing analysis, the Amended Complaint "fails to state a claim upon which relief may be granted" and is thus **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1).  In light of the Court's dismissal of all claims and the resulting service of this Order upon Plaintiff, his "Motion for Status of Case" [Doc. 15] is DENIED as moot. The Clerk is directed to close the case and send a copy of this Order to Plaintiff at his address of record.

It is SO ORDERED.

Signed:  New Haven, Connecticut
         January 30, 2024

                                       */s/Charles S. Haight, Jr*.
                                       CHARLES S. HAIGHT, JR.
                                       Senior United States District Judge

---

[6] *See* CTAO-16-21, "Standing Order on Prisoner Electronic Filing Program," at ¶¶ 6-7, www.ctd.uscourts.gov/sites/default/files/forms/Prisoner%20efiling%20standing%20order.pdf.